# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 12, 2011

Lyle W. Cayce
Clerk

No. 11-50069
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICARDO GUZMAN-NAJERA, also known as Ricardo Guzman Najera, also known as Ricardo Guzman,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-2008-1

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ricardo Guzman-Najera (Guzman) appeals from his conviction of illegal reentry. He contends that his 57-month within-range sentence was substantively unreasonable because (1) the 1998 drug conviction used to increase his offense level was stale; (2) the sentence was much higher than his previous illegal reentry sentences; and (3) he had benign motives for reentering the United States. He further argues that he need not have explicitly challenged his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence as unreasonable in the district court to preserve substantive reasonableness as an issue for appeal and that a within-range sentence calculated using the illegal reentry guideline should not be presumed reasonable because the guideline is not empirically based. He concedes, correctly, that this court requires an objection to preserve substantive reasonableness as an issue and that his challenge to the presumption of reasonableness is foreclosed, but he raises these issues to preserve them for further review.

Here, a below-range sentence was requested, but no objection was raised to the reasonableness of the 57-month within-range sentence. A defendant must object to the substantive reasonableness of a sentence to preserve the issue for appeal. Otherwise, review is for plain error. *United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States,* 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

This court presumes that a within-range sentence calculated under the illegal reentry guideline is reasonable. *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). In order to rebut the presumption of correctness, the defendant must show "that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010).

Guzman relies in part on *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1055-58 (9th Cir. 2009), and in part on a proposed amendment to the Sentencing Guidelines to argue that his sentence is unreasonable due to the

staleness of the 1998 drug conviction that resulted in a 12-level upward adjustment to his base offense level.  We reject Guzman's arguments.

First, *Amezcua-Vasquez* was issued by another circuit and is not binding on this court.  *See Newby v. Enron Corp.,* 394 F.3d 296, 309 (5th Cir. 2004).  Second, "the sentencing judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) with respect to a particular defendant."  *United States v. Campos–Maldonado,* 531 F.3d 337, 339 (5th Cir.2008).  Third, we have rejected any attempt "to turn the Ex Post Facto Clause on its head by arguing that it requires this Court to apply amendments taking effect subsequent to sentencing when those amendments would decrease a defendant's sentence."  *United States v. Fields*, 72 F.3d 1200, 1216 (5th Cir. 1996).

We reject the arguments that the 57-month sentence for the current offense was excessive for the purpose of deterrence when compared to Guzman's previous sentences and that an appropriate relationship between the current sentence and his previous sentences is required.  His return to the United States after having served two 30-month sentences for illegal reentry suggests that a stricter sentence was appropriate to discourage future offenses and encourage respect for the law.  *See* § 3553(a)(2)(A)&(B).

Guzman asserts that he reentered the United States to visit his U.S. citizen children and to find better-paying employment to support his brother's orphaned children.  He does not indicate how these reasons are sufficiently unusual to rebut the presumption of correctness given to his within-range sentence.  *See Cooks*, 589 F.3d at 186.

We find no showing of error, plain or otherwise, as to the reasonableness of Guzman sentence.  *See Puckett,* 129 S. Ct. at 1429.

AFFIRMED.